THE STATE v. G. E. PACE, Appellant.

Division Two, February 2, 1917.

1. **GENERAL VERDICT: Forgery.** If the different counts of the information charge distinct offenses, a general verdict of guilty cannot be upheld. Where the first count charges defendant with the forgery of a certain promissory note, and the second count charges him with having the same forged instrument in his custody and possession with intent to utter it, a general verdict of "guilty of forgery in the third degree, as charged in the information" cannot stand.

2. **FORGERY: Comparison of Handwriting: Improper Admission.** Error in the admission in evidence of a note purporting to be signed by a party whose name defendant is charged with having forged, improperly admitted at the time because the signature of the party has not been identified, is removed by the subsequent qualification of the witness who identifies the signature.

3. ———: ———: **Statute.** The old rule that no paper offered for the sole purpose of furnishing a comparison with a writing alleged to be forged is competent where it would be an issue for the jury to determine whether the alleged genuine signature was in fact genuine, is modified by the statute (Sec. 6382, R. S. 1909) which requires the paper to be "proved to the satisfaction of the judge to be genuine;" and the very fact that he admits it in evidence is conclusive that he found it genuine, although his finding is not necessarily binding on the jury, for the statute notwithstanding he admits it in evidence requires that "such writing and the evidence respecting the same may be submitted to the court and jury."

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*J. J. Cope, Clyde C. Cope* and *G. C. Dalton* for appellant.

(1) It is impossible to tell from this verdict on which count the jury found the defendant guilty and it is obvious from the punishment assessed against him that they only intended to punish him for one of the distinct and separate offenses charged in the information; this verdict so rendered is nothing more that a general verdict and is insufficient and cannot stand. The verdict must be certain, positive and free from all ambiguities. State v. Pierce, 136 Mo. 40; State v. Harmon, 106 Mo. 635; State v. Bedell, 35 Mo. App. 551. (2) The State was permitted to prove that the note marked "Exhibit A" was a forgery by comparing the same with the note marked "Exhibit C," which it was never proven that Willis Pace had executed. This was error for which this case ought to be reversed.

*John T. Barker,* Attorney-General, and *Lewis H. Cook* for the State.

(1) It is settled in this State that where there are several counts for different offenses of the same nature and for which the punishment is the same, there is no misjoinder, and a general verdict of guilty is good. State v. McDonald, 85 Mo. 539; State v. Core, 70 Mo. 491; State v. Blan, 69 Mo. 317; State v. Lesterman, 68 Mo. 408; State v. Sattley, 131 Mo. 464; State v. Schmidt, 137 Mo. 266; State v. Simpson, 126 Mo. App. 169; Kelly, Crim. Law & Prac., sec. 407. Where the several counts relate to the same transaction, but were framed differently to meet the proof, or each count is framed on a different section of the statute, a general verdict of guilty, and assessing the punishment at or within the maximum of that specified in any section on which any count is based, though no particular count or offense is specified, will be sustained. State v. Jackson, 90 Mo. 159; State v. Stewart, 90 Mo. 507. (2) By statute in Missouri, comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine shall be permitted to be made by witnesses, and such writings and the evidence of witnesses respecting the same may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute. R. S. 1909, sec. 6382; Kelly, Crim. L. & P., sec. 819; State v. Thompson, 141 Mo. 408.

WHITE, C.—The appellant was convicted of forgery at the April term, 1916, of the circuit court of Dent County. The information upon which he was tried is in two counts. The first charges him, under section 4651, Revised Statutes 1909, with the forgery of a certain promissory note purporting to be made by G. E. Pace, J. A. Pace and Willis Pace, which note was payable to the Holland Piano Manufacturing Company. The second count charges the appellant, under section 4654, with having the same forged instrument in his custody and possession with intent to utter it.

The defendant, while engaged in the piano business at Salem, Missouri, in December, 1913, ordered four pianos from the Holland Piano Manufacturing Company of Minneapolis, Minnesota, and gave in payment for them two notes signed by himself as principal and by his father, Willis Pace, and his brother, J. A. Pace, as sureties, each note being for the sum of $230. One of these notes was paid at maturity and the other was renewed. The renewed note is the one to which it is claimed the defendant forged the names of his father and brother.

It appears that the father and brother had signed the original notes and in fact had been accustomed to sign notes for the defendant at various times while he had been in business. Each of them states in his testimony that he had never refused to sign a note for the defendant when requested.

The father, Willis Pace, testified that he had no recollection of signing the note in question and thinks that he did not. He admitted on cross-examination, however, that he might have signed it. He admitted saying to an attorney who brought the note to him for collection that he might have signed it. It is conceded that the brother of the defendant, J. A. Pace, did not sign the note, but the defendant claimed that J. A. Pace gave him authority to sign the latter's name to the note, he being too busy at the time to come to the defendant's place of business for the purpose. J. A. Pace denied giving any such authority. The defendant asserts very stoutly in his testimonial that his father did sign the note. Testimony was offered by the State to show that the signature attached to the note, purporting to be that of Willis Pace, was not in fact his signature. The evidence further shows, in support of the second court of the information, that the note alleged to be forged was by defendant taken for the purpose of delivery to the Holland Piano Manufacturing Company in renewal of the former unpaid note, and was so delivered.

In the progress of the trial a witness, W. W. Young, a bank cashier, was shown a note marked "Exhibit C," purporting to be signed by Willis Pace, and stated that

the signature attached to the note was the signature of Willis Pace. He was then shown the note, ''Exhibit A,'' the note alleged to be forged in this case, and stated that the signature attached to it was not the signature of Willis Pace. The witness was not qualified in any manner as to his knowledge of the signature of the handwriting of Willis Pace. Both notes were then offered in evidence and exhibited to the jury over the objection of the defendant, who duly excepted. The witness was later recalled and was asked by one of the jury whether he saw Willis Pace sign the note marked ''Exhibit C.'' He answered that he did not, but was familiar with his signature and had seen it a great many times. No other question was asked of him for the purpose of qualifying him as to his knowledge of such signature. No other evidence was offered as to the genuineness of the signature to ''Exhibit C.'' The two notes were thereafter exhibited to other experts for the purpose of comparison. The admission of ''Exhibit C' in evidence under the circumstances is assigned as error.

Upon the issues thus presented the jury returned the following verdict:

''We the jury, find the defendant guilty of forgery in the third degree, as charged in the information, and we assess his punishment at imprisonment in the State Penitentiary for the term of two years.''

I. It is claimed by the defendant that the general verdict, because it did not designate on which count the defendant was found guilty, was a reversible error.

The general rule is, where an indictment is in two or more counts, each of which charges the same offense Verdict. in a different form, or where the several counts relate to the same transaction and are framed on different sections of the statute, to meet the exigencies occurring at the trial, or where the several counts state different degrees of the same offense, a general verdict of guilty will be sustained. Such is the ruling in cases cited by the respondent where a defendant is charged with murder in the first and second degrees and man-

slaughter, in different counts, as in the case of State v. Core, 70 Mo. 491, and the case of State v. Blan, 69 Mo. 317; and where robbery is charged in different forms in several counts, as in the case of State v. McDonald, 85 Mo. 539. Also, in the case of State v. Sattley, 131 Mo. 464, cited by respondent, where the defendant was charged in one count with feloniously receiving deposits as cashier of a bank, while knowing the bank was in a failing condition, and in another count with having assented to the creation of an indebtedness of the said bank, while knowing it was in a failing condition, a general verdict was sustained.

On the other hand, the rule is well established that a general verdict where the several counts of the indictment charge several distinct crimes will not be upheld. Such is the case where several different larcenies were charged in the different counts of the indictment. [State v. Harmon, 106 Mo. 635.]

Another class of cases cited by respondent are those where the different counts of the indictment did not charge in different forms the same offense, nor yet charge offenses arising out of entirely different transactions, but where the several acts grew out of the same transaction and that charged in one count was in the nature of a corollary to the original offense charged in another count. In such cases the question as to whether distinct offenses were charged in the several counts usually arose on a motion to compel the State to elect on which count it would proceed to trial. This on the theory that a defendant could not be tried at the same time and in the same trial for two different and distinct crimes. [State v. Testerman, 68 Mo. 408; State v. Daubert, 42 Mo. 242.] The last is a leading case, and often cited in later decisions. It was held in that case, where the indictment contained two counts, one for forgery and the other for uttering the forged instrument, that it was not error to overrule a motion to elect. This, however, could not be a test as to whether a general verdict in such a case would be proper, because in all such cases, it is held to be discretionary with the trial court whether such a

motion should be sustained. The trial might proceed, if the court so ordered, and the jury, under proper instructions, could determine upon which count, if any, to find the defendant guilty. In the case of State v. Carragin, 210 Mo. 351, the defendant was charged in one count with forging an instrument and in another count with uttering the same instrument, and was found guilty by the jury on both counts. It was held that this was error for the reason that a defendant could not be convicted in the same trial for two different and distinct felonies. That case, and others, establish the proposition that forgery is one offense and uttering the forged instrument is a different and distinct offense. [State v. Williams, 152 Mo. 115; State v. Schneiders, 259 Mo. 319; State v. Christian, 253 Mo. 382, 1. c. 393.]

The precise question presented here was decided by this court in the case of State v. Pierce, 136 Mo. 34. There the defendant was charged in the first count with forging an instrument, and in the second count with uttering the forged instrument, and it was held a general verdict of guilty was reversible error. Such a verdict lacks the precision and certainty which is necessary to its validity. That case has been cited without criticism, and usually with approval, in the following cases, and perhaps others. [State v. DeWitt, 186 Mo. 1. c. 67; State v. Standley, 232 Mo. 23, 1. c. 27; State v. Miller, 255 Mo. 223, 1. c. 231; State v. Burke, 151 Mo. 136, 1. c. 146.]

The general verdict, therefore, of guilty, without designating which of the two different and distinct offenses of which the defendant was found guilty, is error for which the cause must be reversed.

II. Complaint is made of the familiar instruction, given for the State, to the effect that, while the defendant was a competent witness on his behalf, in considering the weight to be given his testimony the jury might consider the facts that he was the defendant on trial and testifying in his own behalf. This same instruction was condemned by the Court In Banc in the case of State v. Finkelstein, *ante*, p. 612.

Cautionary Instruction.

III. "Exhibit C" was improperly admitted in evidence at the time it was offered, on the ground that the signature of Willis Pace had not been identified. That objection, however, was removed by the subsequent qualification of the witness Young, who identified the signature.

Comparison of Handwriting.

Waiving the question as to whether the objection to its admission on other grounds was sufficiently specific, no reason appears for its exclusion.

Under the rule at common law, any writing irrelevant to the record was inadmissible when offered for the sole purpose of furnishing a comparison with a writing alleged to be forged. The rule as adopted in Missouri is stated thus:. Such papers, containing the alleged genuine writing of the party whose signature is claimed to be forged, can only be offered in evidence to the jury when no collateral issue can be raised concerning them, that is, when the papers are either conceded to be genuine, or the circumstances are such as the other party is estopped to deny them. That is to say, such papers should not be admitted in evidence where it would be an issue for the jury to determine whether the alleged genuine signature was in fact genuine. [State v. Clinton, 67 Mo. 380, l. c. 385; State v. Minton, 116 Mo. 605, l. c. 614; Geer v. Lumber and Mining Co., 134 Mo. 85, l. c. 96.] This rule has been modified by a statute, giving more liberty for the introduction of such writings for comparison. Section 6382, Revised Statute 1909, is as follows:

"Comparison of a disputed writing with any writing proved to the satisfaction of the judge to be genuine shall be permitted to be made by witnesses, and such writings and the evidence of witnesses respecting the same may be submitted to the court and jury as evidence of the genuineness or otherwise of the writing in dispute."

Several cases have come before this court where the question has arisen since the enactment of that statute. [Sanders v. North End Building & Loan Assn., 178 Mo. 674, l. c. 680; State v. Thompson, 141 Mo. 408; State v. Stark, 202 Mo. 210, l. c. 221.] In none of them, however, did the court define the limits of the admissibility of such

writings, for it appears that in none of them was the genuineness of the writing offered for comparison brought in question. It appears from the wording of the statute that, while the writing thus offered must be *"proved to the satisfaction of the judge to be genuine,"* the jury is not necessarily bound by the judge's conclusion upon the matter, for "such writing *and the evidence respecting the same* may be submitted to the court *and jury,"* etc. This it seems modifies the old rule that the jury could not pass upon any collateral issue concerning such writings. While the judge must first be satisfied that they are genuine, the fact that the judge in this case admitted the note in evidence is conclusive that he found it genuine. He is presumed to know this statute and understand his duty in respect to it.

The judgment is reversed and the cause remanded. *Roy, C., concurs.*

PER CURIAM:—The foregoing opinion of WHITE, C., is adopted as the opinion of the court. All of the judges concur.