## FRANK WHISNANT v. STATE.

No. A-8000.    Opinion Filed March 3, 1928.
(264 Pac. 837.)

W. C. Hall, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, referred to herein as the defendant, was charged in the county court of Hughes county, Okla., with the crime of having in his possession mash fit for distillation and a still worm. The information charged that in Hughes county, November 27, 1924, "Frank Whisnant did unlawfully have in his possession a quantity of mash fit for distillation and a still worm." To this information the defendant filed a demurrer. The demurrer was heard and considered by the court, and overruled, and defendant reserved an exception. A jury was impaneled, and testimony on behalf of the state taken, which, in substance, is as follows:

Bert Wallace testified that he lived at Bilbys; that he knew the defendant, Whisnant, on the 27th day of November, 1924; that the defendant lived on N. V. Bilby's place; that he was at the defendant's house on or about the 27th day of November, 1924, and that we found a barrel of mash; that it was directly in front of defendant's house, about 75 or 100 yards from the

house in a garden; the house had a yard fence around it and the garden was outside of the yard; the barrel was about three-fourths full; it was buried; I saw the defendant there that day; L. Noble and N. V. Bilby were with me; the defendant came to the front door; we went to the barrel of mash and came back to the house and called him and he did not answer, and then we saw him run up the hill; we did not say anything to him, but ran after him."

On cross-examination witness stated that he did not drink any of the mash; he just tasted it; he did not know what the mash contained; he did not taste enough to make him drunk; that he had no effect from it whatever, nor did he analyze it; he knew it was mash; it was sour; he also stated that the defendant did not leave the house until he saw them go to the mash barrel.

Sam Turner, witness for the state, testified in substance to the same facts as did the witness Bert Wallace, except that witness Turner stated he was sheriff of Hughes county; that he had a search warrant; that the mash was fit for distillation, that it was a 40 or 50 gallon barrel, and that it was about one-half or one-third full; he tasted it; he did not get any backfire; nor did he have it analyzed. On redirect examination he stated in reply to a question by the county attorney: "You know it was fit for distillation? Yes, sir." Defendant moved that the answer of the witness to the question be stricken on the ground that the witness had already stated that he did not drink enough to detect any physical effect, and that he had no reason to state that it was fit for distillation. The objection was overruled and defendant duly excepted. This was all the testimony on behalf of the state. At the close of the testimony the defendant demurred to the evi-

dence of the state and moved the court to instruct the jury to render a verdict of not guilty because of the fact that the state wholly failed to produce any evidence to support a verdict against the defendant duly dence to support a verdict against the defendant, which motion was overruled, and the defendant duly excepted.

The jury, after hearing the instructions of the court and the argument of counsel, retired to consider of its verdict, and on the same day returned into court a verdict finding the defendant guilty as charged in the information, and assessing his punishment at a fine of $100 and costs, and confinement in the county jail for a period of sixty days. Motion for a new trial was filed and overruled and the defendant has appealed to this court for a reversal of the sentence and judgment imposed upon him.

The defendant has assigned eight errors alleged to have been committed by the trial court. We will first consider the second assignment of error, which is as follows: "(2) Error on the part of the court in not sustaining demurrer of plaintiff in error to the information." An examination of the information shows that it charges two separate and distinct offenses in one count. The question for this court to decide, Is the defendant's exception to the overruling of the demurrer well taken? The next question is, Does the information charge sufficient facts to place the defendant on trial for possession of mash fit for distillation, or of having in his possession a still worm? Section 1, p. 43, c. 42, Session Laws 1923-24, is as follows:

"It shall be unlawful for any person, or persons, within this state to manufacture, ferment or possess, any compound mixture, mash, wort, or wash fit for distillation, or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors, the sale, bar-

ter, giving away or otherwise disposing of which is prohibited by the laws of the state of Oklahoma."

The section of the law hereinabove quoted is peculiarly drawn in this, that it prohibits the possession of mash fit for distillation; then it prohibits the possession of mash fit for the manufacture of beer, wine, distilled spirits, or other alcoholic liquors, the sale barter, giving away or otherwise disposing of which is prohibited by the laws of Oklahoma. The information charges in the language of the statute and is sufficient.

The next question then is, Is the testimony of the state sufficient to convict the defendant of having in his possession mash "fit for distillation." Our statute does not define what ingredients are necessary to constitute mash, and we must therefore look to other authorities for its definition. Webster's International Dictionary defines mash as follows:

"(1) Crushed malt, or meal of rye, wheat, corn, etc., steeped and stirred in hot water to form wort; (2) a mixture of grain, meal, or the like, and hot water fed warm to animals; (3) to subject crushed malt to the action of hot water by heating and stirring to prepare an extract known as wort; (4) to convert into a mass; to reduce to a soft pulpy state by heating or pressure; to bruise; to crush."

2 Bouv. Law Dict. 1237 (3d Ed.) defines fit as: "Suitable, appropriate."

Distillation is defined by Webster's International Dictionary:

"(1) As an act, or process to distill, or that which is fit for distillation. (2) an operation of drawing off gas or vapor from liquids or solids, as to hold in retort or still and condensing all or some of the products in a cool receiver or condenser."

The testimony hereinabove referred to of two of the witnesses shows that they claim the barrel they found was mash. one saying it was sour. There is no evidence in the record showing what the liquid substance found in the barrel was composed of, or whether or not any of the ingredients necessary to make mash fit for distillation was used.

This court, in the case of Thomas v. State, 34 Okla. Cr. 49, 244 P. 816, held that, where the defendant had assembled in 5 or 6 barrels a liquid quantity of a semiliquid substance composed of meal, water, sugar, and yeast, under circumstances indicating that the mixture was made for fermentation and distillation of whisky, it was mash and fit for distillation within the meaning of the section of the law set out in this opinion.

We believe the manifest purpose of the section of the statute quoted herein is to punish persons assembling ingredients for fermentation, preparatory to, and for the purpose of, manufacturing distilled or other alcoholic liquors, and we believe that in order to comply with the statute the proof should show what ingredients were in the mixture that the state claims was mash, or at least some of the ingredients necessary to make mash were in the barrel. We do not think the bare statement of the witness that what was found was mash is sufficient to sustain a conviction under the information in this case, but that it is necessary that the proof should go further and show some of the ingredients in the barrel necessary to come within the definition of mash.

We will next consider the following assignment:
"Error of the court in giving instruction 8, which instruction submitted to the jury the question of the still worm being in the possession of plaintiff in error. There was no evidence direct or indirect to show the possession of the still worm by the plaintiff in error."

Instruction No. 8 complained of is as follows:

"(8) You are further instructed that, if you believe from the testimony beyond a reasonable doubt that the defendant, Frank Whisnant, in Hughes county, Okla., on the 27th day of November, 1924, or any other time between the 5th day of February and the 6th day of December, 1924, had in his possession a quantity of mash fit for distillation and a still worm, as charged in the information, it will be your duty to find the defendant guilty, and so to declare by your verdict. On the other hand, if after a fair and impartial consideration of all the testimony in the case, considered along the instructions of the court, there is a reasonable doubt in your minds as to the guilt of the defendant as charged in the information, it will be your duty to acquit the defendant, and so to declare by your verdict."

The instruction is not applicable to the evidence in this case; there being no evidence whatever that the defendant was found in possession of a still worm. It is the duty of the court to properly instruct the jury as to the law applicable to the evidence which has been introduced in the case, and, where the evidence fails to establish the allegations in the information, the court should so advise the jury. In this case the instruction complained of evidently misled the jury, as it returned a verdict finding the defendant guilty as charged in the information. From the form of the verdict returned by the jury no one can tell whether the jury convicted the defendant of having possession of mash fit for distillation, or having possession of a still worm, or having possession of both.

The instruction of the court was misleading and prejudicial to the rights of the defendant. There are other errors assigned by the defendant, but we do not deem it necessary to discuss them.

For the reasons herein stated, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.