PEOPLE v. HARTER.

1. INTOXICATING LIQUORS—CRIMINAL LAW—EVIDENCE INSUFFICIENT TO SUSTAIN CHARGE.

In a prosecution of two defendants for violating the prohibition law, where the uncontradicted evidence showed that one of the defendants was only a boarder and had no control over or interest in the liquor found in the house, none of which was found in his room, there was no justification for holding him on the charge, nor was the fact of his former conviction on a similar charge justification therefor.

2. SAME—FAILURE TO RETURN INSUFFICIENT TO TAKE QUESTION OF GUILT TO JURY.

That defendant failed to return when the officers permitted him to leave the house for the purpose of calling a physician, was insufficient to justify submitting to the jury the question of his guilt.

3. ARREST—COMMITTING FELONY IN OFFICERS' PRESENCE JUSTIFIES ARREST WITHOUT WARRANT.

Where the sheriff and his deputies, who were admitted to a residence to look for a certain person, discovered intoxicating liquor in plain sight, they were justified in arresting the owner for committing a felony in their presence, although they had no warrant.

4. SEARCHES AND SEIZURES—ADDITIONAL EVIDENCE OBTAINED WHILE DISCHARGING LAWFUL DUTY NOT OBTAINED BY ILLEGAL SEARCH.

Where the officer, without any objection from the owner, and with her implied consent, went upstairs in discharge of the lawful duty for which he had been invited to enter the premises, and thereby obtained additional evidence of the felony for which he had arrested the owner, there was no illegal search, although he had no search warrant.

5. CRIMINAL LAW—WAIVER OF ALLEGED ERRORS.

Alleged errors not referred to in defendant's brief are considered waived.

As to necessity of warrant for search or seizure of intoxicating liquors, see annotation in 3 A. L. R. 1516; 13 A. L. R. 1317; 27 A. L. R. 711.

Error to Jackson; Williams (Benjamin), J. Submitted June 14, 1928. (Docket No. 132, Calendar No. 33,797.) Decided October 1, 1928.

Clarence Harter and Anna Pangborn were convicted of violating the liquor law. Reversed as to defendant Harter, and affirmed as to defendant Pangborn.

*Frank L. Blackman* and *Walter A. Kirkby,* for appellants.

*Wilber M. Brucker,* Attorney General, *Harry E. Barnard,* Prosecuting Attorney, and *Harry D. Boardman,* Assistant Prosecuting Attorney, for the people.

NORTH, J. The defendants, Clarence Harter and Anna Pangborn, were jointly tried and convicted by a jury of having unlawful possession of intoxicating liquor and of keeping a place where such liquors were unlawfully possessed, stored, etc. Each reviews by writ of error.

The intoxicating liquor, consisting of 24 pints of moonshine whisky, upwards of 300 pint bottles of beer and a quantity in process of making, was found by the officers in a house located at 528 Water street, Jackson, Michigan. A careful reading of the record convinces us that the undisputed proof shows this place was rented by the defendant Anna Pangborn; that she kept roomers and boarders there, and that the defendant Clarence Harter had been one of such roomers and boarders for a little over a month prior to his arrest. None of the liquor was found in the room occupied by him, nor was there any proof that he had any control over or interest in the liquor found on the premises. Both of the defendants testi-

fied that Harter was only a roomer and boarder and had nothing whatever to do with the intoxicating liquor found; and there was no proof to the contrary. He had once before been convicted of violating the State prohibition law, but that alone would not justify holding him on this charge. While the officers were in possession of the house, Harter was permitted to leave the premises for the purpose of calling a physician to attend Anna Pangborn, who had been taken suddenly ill, and he failed to return, but three or four days later he was arrested at the same place. Even this circumstance did not justify submitting to the jury the question of his guilt in the present case. There were other people in the house when the officers arrived, including another man who was also a boarder and roomer, but none of them were charged with being parties to the alleged offense, notwithstanding there was as much reason for holding them guilty of unlawful possession as for holding the defendant Harter. The circuit judge should have directed a verdict of not guilty in accordance with this defendant's motion made at the close of the people's case and renewed after all the proofs were in.

It is urged in behalf of the defendant Anna Pangborn that there was an unlawful search made of her household. This question was timely raised by a motion to dismiss at the examination before the magistrate and later by a motion to suppress. The proofs show that the sheriff received a telephone message from a woman who said she was Mrs. Thompson, and that her husband was in a house at 528 Water street drunk and she wished the sheriff would bring him home. The testimony of the officers is that the sheriff and two deputies went to the place designated; that the sheriff and one deputy knocked

at the front door, were invited inside, and they entered. The other deputy testified: "I went around the house to the back door. I knocked at the back door and someone opened the door; just pulled the door open a little bit and said: 'Come in.' " This officer thereupon went into the kitchen and discovered a case of beer sitting in that room. He reported this to the sheriff, who then informed each of the defendants they were "under arrest for violating the liquor law." About that time the sheriff heard a noise upstairs, and, thinking it might be Thompson, he proceeded to go upstairs and there in plain sight he found a large quantity of intoxicating liquor. The stairway door and the doors to the rooms where the liquor was found were open. Under the foregoing proof the sheriff and his deputies, although they had neither a search warrant nor a warrant for the arrest of any person, were lawfully in the house of Mrs. Pangborn, and they then discovered without making any search whatever that she was committing a felony in their presence. Her arrest without a warrant was justified, and, having made the arrest, it was the duty of the officers to observe to what extent and in what manner Mrs. Pangborn was violating the law so far as could be done without making an unlawful search. As was pointedly stated by the learned circuit judge in denying Mrs. Pangborn's motion for a new trial: "The sheriff was under no legal obligation to be deaf and blind after his entry."

See *People* v. *Woodward*, 220 Mich. 511; 5 C. J. p. 434, § 74, note.

It is urged, even if the arrest was lawful because of finding the beer in the kitchen, still the sheriff had no right to go upstairs or to search other parts of the boarding house. Without any objection from

Mrs. Pangborn, so far as the record shows, the sheriff went upstairs under the circumstances above stated. This was done with her implied consent and incident to the discharge of a lawful duty for which he had been invited to enter the premises. In so doing the sheriff obtained much additional evidence of the felony for which he had arrested Mrs. Pangborn. This phase of the case was passed upon incident to the motion to suppress, and the circuit judge found that there was no illegal search because the officers were invited to enter the defendant's place to look for Thompson. *People* v. *Ferrise,* 219 Mich. 471. The record supports this determination, and it is binding upon Anna Pangborn.

A number of alleged errors are not referred to in the defendants' brief and therefore are considered waived. We have given consideration to the other questions covered by the briefs, but do not find that any of them are of such a character as would justify a reversal of this case. It appears from the record that during the course of the trial the defendant Pangborn arose in court and announced she was ready to plead guilty. After a private consultation with her, the circuit judge declined to accept the plea, and the case proceeded to a conclusion and the conviction of both defendants. Under the record there is no question as to the guilt of the defendant Pangborn and the sentence imposed should be executed.

Fead, C. J., and Fellows, Wiest, Clark, Mc-Donald, and Sharpe, JJ., concurred. Potter, J., did not sit.