PEOPLE *v.* ORMSBY.

1. CRIMINAL LAW—COMMON-LAW CONSPIRACY—INTENT—EVIDENCE.
   In prosecution for common-law conspiracy to violate certain gambling laws and for common-law conspiracy to obstruct justice, evidence that officers had seized on raids of premises, entered peaceably without a warrant, was admissible to prove intent (3 Comp. Laws 1929, § 17320; Act No. 328, §§ 301–306, 372, Pub. Acts 1931).

2. ARREST—WITHOUT WARRANT.
   A peace officer may arrest without a warrant when he has reasonable cause to believe that a felony has been committed and that person to be arrested has committed it· (3 Comp. Laws 1929, § 17149, as amended by Act No. 84, Pub. Acts 1935).

3. SAME—WITHOUT WARRANT—GAMBLING PARAPHERNALIA.

Officers' arrest without a warrant of persons in whose presence was found gambling paraphernalia while they were upon premises upon which they were present under suspicious circumstances and to which officers had gained peaceable access while entertaining a reasonable and honest belief that a felony had been committed by the persons present was not an illegal arrest and seizure of their illegal property was proper (3 Comp. Laws 1929, § 17149, as amended by Act No. 84, Pub. Acts 1935; Act No. 328, §§ 301–306, 372, Pub. Acts 1931).

4. CONSPIRACY—EVIDENCE.

In prosecution for common-law conspiracy to violate certain gambling laws and for common-law conspiracy to obstruct justice, where seizure of illegal property in possession of some of the conspirators was properly made it was admissible against all of the conspirators (3 Comp. Laws 1929, § 17149, as amended by Act No. 84, Pub. Acts 1935; Act No. 328, §§ 301–306, 372, Pub. Acts 1931).

5. SAME—DISTINCT FROM CRIME WHICH IS OBJECT OF CONSPIRACY.

A conspiracy to commit a crime is a separate and distinct offense from the crime which it is the object of the conspiracy to commit.

6. CRIMINAL LAW—COMMON LAW—PUNISHMENT.

Punishment for offenses indictable at common law and not otherwise provided for by statute is provided by the penal code (Act No. 328, § 505, Pub. Acts 1931).

7. INDICTMENT AND INFORMATION—MISJOINDER OF COUNTS—QUESTIONS REVIEWABLE.

In prosecution under an information wherein first 15 counts charged a common-law conspiracy to violate certain gambling laws and sixteenth count charged a common-law conspiracy to obstruct justice, where the several conspiracies are alleged to have arisen out of substantially the same transactions covering a period of upwards of four months there was no misjoinder of counts, but since such claim of misjoinder was not raised during the trial, it cannot be asserted on appeal (3 Comp. Laws 1929, §§ 17289, 17290; Act No. 328, §§ 301–306, 372, Pub. Acts 1931).

8. WORDS AND PHRASES—TO OBSTRUCT JUSTICE.

The term "to obstruct justice" connotes an interference with the orderly administration of justice.

9. CONSPIRACY—OBSTRUCTION OF JUSTICE.

To establish a conspiracy to obstruct justice would require evidence indicating some agreement, understanding, plan, design or scheme to commit acts which obstructed or were intended to obstruct the administration of law.

10. CRIMINAL LAW—COMMON LAW—CONSPIRACY TO OBSTRUCT JUSTICE—CONSPIRACY TO VIOLATE GAMBLING LAWS—EVIDENCE.

Evidence of an agreement, plan, design or scheme to violate the gambling laws would indicate a conspiracy to commit the offense of conspiracy to obstruct justice but such evidence alone would not establish such a conspiracy, there being a substantial difference between a common-law conspiracy to obstruct justice and a common-law conspiracy to violate the gambling laws and the evidence required to prove the two offenses (Act No. 328, §§ 301–306, 372, Pub. Acts 1931). .

11. SAME—CONSPIRACY—DISTINCT OFFENSES.

Since the essential elements of the offenses of common-law conspiracy to obstruct justice and common-law conspiracy to violate the gambling laws are entirely different, the two offenses are separate, distinct, and different (Act No. 328, §§ 301–306, 372, Pub. Acts 1931).

12. SAME—SEPARATE AND DISTINCT OFFENSES.

A person should not be subjected to trial for two separate and distinct offenses at one time.

13. SAME—DIFFERENT OFFENSES—GENERAL VERDICT.

Where an information contains more than one count charging different offenses, the verdict must point out the offense of which the defendant is found guilty, and a general verdict of guilty is void and requires a new trial.

14. INDICTMENT AND INFORMATION—JOINDER OF COUNTS.

Counts may be joined in an information if the different counts are drawn and used with a view to one and the same transaction, so that one of them, upon the trial, may be found to meet the evidence, and the courts will not interfere with such legitimate object but when the object is to prosecute the defendant for separate felonies by means of one information such joinder may not be permitted as the injustice and prejudice to the accused overbalance all ⸤possible benefits to be derived to the public from such practice.

15. CRIMINAL LAW—DIFFERENT OFFENSES—GENERAL VERDICT.

General verdict of ''guilty as charged'' was void where it convicted defendants of the separate and distinct felonies of

common-law conspiracy to violate the gambling laws and of common-law conspiracy to obstruct justice which had been charged in the information, especially where there was no evidence supporting a conviction of the second-named conspiracy (*3 Comp. Laws 1929*, § *17320*; Act No. *328*, §§ *301–306*, *372*, Pub. Acts 1931).

16. SAME—DIFFERENT OFFENSES—GENERAL VERDICT—SENTENCE—JURY.

Where first 15 counts of information charged a common-law conspiracy to violate certain gambling laws of the State and sixteenth count charged a common-law conspiracy to obstruct justice and there was no evidence of latter conspiracy and jury returned a general verdict, the trial court's attempt to disregard last count and base sentence solely on the first 15 counts did not save the jury's verdict as the trial court could not usurp the function of the jury and, by his sentence, determine upon which counts the conviction was based (Act No. 328, §§ 301–306, 372, Pub. Acts 1931).

Appeal from Recorder's Court for Detroit; Gordon (Arthur E.), J. Submitted October 12, 1944. (Docket No. 73, Calendar No. 42,306.) Decided January 2, 1945.

Benjamin Ormsby, Richard Rice, Alcena Gibbs, Russell Johnson and Calvin Hammond were convicted of conspiracy to violate the gambling laws and to obstruct justice. Reversed and new trial granted.

*Lewis, Rowlette & Brown (George Stone,* of counsel), for appellant.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *William E. Dowling,* Prosecuting Attorney, and *Raymond J. DeRyck* and *Henrietta E. Rosenthal,* Assistant Prosecuting Attorneys, for the people.

STARR, C. J. On jury trial defendants Benjamin Ormsby, Richard Rice, Alcena Gibbs, Russell John-

son and Calvin Hammond were convicted under an information containing 16 counts, of which the first 15 each charged the common-law offense of a conspiracy to violate certain gambling laws of the State,* and the sixteenth of which charged the common-law offense of a conspiracy to obstruct justice. Their motion for a new trial was denied and they were sentenced as follows: Gibbs, 3 years probation; Johnson and Hammond, each 1 to 5 years; Ormsby and Rice, each 2 to 5 years. Having obtained leave, they appeal. One Marion Jones, who was named in the information, was ill and the trial had proceeded without her. At the conclusion of the plaintiff's proofs one Anna Gardner, who was also named in the information, was discharged on motion of the prosecution.

It appears that on August 30, 1941, police officers went to an apartment at 417 Adelaide street, Detroit, on a complaint that gambling operations were being conducted there. They rapped on the door and it was opened by one Savoy, who occupied the apartment and who said that he subrented the front room. The officers saw someone operating an adding machine in the front room and also saw mutuel betting tickets lying on a couch. They entered peaceably, seized considerable gambling paraphernalia and arrested Savoy, defendants Gibbs and Johnson, and also coconspirator Jones. It is admitted that such arrests and seizure of gambling paraphernalia were made without warrants. Said arrested persons were first brought to trial in recorder's court for the city of Detroit on a charge of possessing gambling equipment. On their motion the evidence, consisting of the gambling paraphernalia, was suppressed on the ground that the search

---

* Act No. 328, §§ 301–306, 372, Pub. Acts 1931 (Comp. Laws Supp. 1940, §§ 17115–301—17115–306, 17115–372, Stat. Ann. §§ 28.533–28.538, 28.604).

and seizure were illegal, and they were all discharged.

On September 12, 1941, police officers went to 610 Elizabeth street, Detroit, to arrest one John Skyles for conspiracy to violate the gambling laws. They rapped on the door, and it was opened by one Tucker who lived there. They entered peaceably and saw certain gambling paraphernalia. They seized such paraphernalia and arrested Skyles, defendants Hammond, Johnson and Gibbs, and coconspirator Gardner, all of whom were on the premises. It is admitted that they made such arrests and seizure of gambling equipment without warrants.

On September 16, 1941, complaint was filed and warrant was issued in the present case. At the preliminary hearing evidence was presented showing probable cause, and defendants and also Jones and Gardner were held for trial. The gambling paraphernalia seized in the raids on Adelaide and Elizabeth streets was properly admissible in evidence. 3 Comp. Laws 1929, § 17320 (Stat. Ann. § 28.1050); *People* v. *McElheny,* 221 Mich. 50; *People* v. *Rice,* 206 Mich. 644; *People* v. *Swift,* 172 Mich. 473. An information was filed charging defendants and also Jones and Gardner with conspiracies to violate the gambling laws and also with a conspiracy to obstruct justice. Their motion to quash the information, on the ground that their arrests and the search and seizure of gambling paraphernalia at 417 Adelaide street and 610 Elizabeth street were illegal, was properly denied by the trial court. The evidence clearly indicates that the officers were admitted peaceably, that they saw gambling paraphernalia in the possession of defendants, and that such raided premises were used for the conducting of gambling operations. In *People* v. *Bommarito,* 309 Mich. 139, 144, we said:

"It is true that the arrests were made without a warrant but any peace officer may arrest without a warrant 'when he has reasonable cause to believe that a felony has been committed and reasonable cause to believe that such person has committed it.' 3 Comp. Laws 1929, § 17149, as amended by Act No. 84, Pub. Acts 1935 (Comp. Laws Supp. 1940, § 17149, Stat. Ann. § 28.874). The officer entered the open store and was admitted peaceably to the back room. There he saw gambling paraphernalia in the illegal possession of Bommarito and Lacy. This created a reasonable and honest belief that a felony had been committed, viz., a conspiracy to violate the gambling law. Their arrest without a warrant was justified and the seizure of the illegal property was proper and, as such, was admissible against all of the conspirators. *People* v. *Harter,* 244 Mich. 346."

See, also, *People* v. *Harris,* 300 Mich. 463; *People* v. *Cona,* 180 Mich. 641.

Defendants did not take the stand in their own defense, and in view of our conclusions it is unnecessary to discuss in detail the testimony presented by plaintiff. The case was submitted on the 16 counts charged in the information, and the jury returned a verdict of "guilty as charged."

On this appeal defendants first contend that the information did not charge a crime. This contention is based upon the premise that, because the information charged conspiracies to commit offenses for which statutory punishment was provided, the conspiracy crimes were merged in such offenses. This contention is without merit, as the alleged conspiracies to commit the crimes were offenses separate and apart from the crimes committed. In *People* v. *Chambers,* 279 Mich. 73, 77, we said:

"A conspiracy to commit a crime is a separate and distinct offense from the crime which it is the object of the conspiracy to commit. 12 C. J. p. 542."

See, also, *People* v. *Causley,* 299 Mich. 340; *People* v. *Summers,* 115 Mich. 537.

The alleged conspiracies were indictable offenses at common law, and as no punishment is expressly provided by statute, they come within the provisions of Act No. 328, § 505, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115–505, Stat. Ann. § 28.773), which provides:

"'Any person who shall commit any indictable offense at the common law, for the punishment of which no provision is expressly made by any statute of this State, shall be guilty of a felony, punishable by imprisonment in the State prison not more than 5 years or by a fine of not more than $2,500.''

Defendants next contend that the information was defective because of a misjoinder of counts. It should be noted that this contention was not raised at any time during the trial. 3 Comp. Laws 1929, § 17289 (Stat. Ann. § 28.1015), provides in part:

"No indictment shall be quashed, set aside or dismissed for any one or more of the following defects: (First) That there is a misjoinder of the parties accused; (Second) That there is a misjoinder of the offenses charged in the indictment, or duplicity therein."

3 Comp. Laws 1929, § 17290 (Stat. Ann. § 28.1016), provides in part:

"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment, unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at

such time thereafter as the court shall in its discretion permit.''

See *People* v. *Bommarito, supra; People* v. *McKinney,* 10 Mich. 54; Joyce on Indictments (2d Ed.), pp. 606–609, § 532; Clark on Criminal Procedure, p. 286, §§ 105, 106; 1 Wharton on Criminal Procedure (10th Ed.), pp. 388, 389, § 340.

As the several conspiracies are alleged to have occurred between May 1 and September 12, 1941, and are alleged to have arisen out of substantially the same transactions, we conclude there was no misjoinder of counts. Furthermore, as such claim of misjoinder was not raised during the trial, under 3 Comp. Laws 1929, § 17290, above quoted, it cannot be asserted on appeal.

A more serious question is presented by defendants' contention that the verdict of ''guilty as charged'' was void because the sixteenth count charged a separate and distinct offense from those charged in the first 15 counts, and because there was no evidence establishing a conspiracy to obstruct justice, as charged in the sixteenth count. This question was raised by defendants' motion, made before sentence, to set aside the verdict and by their motion for a new trial.

It is, therefore, necessary to determine whether or not the conspiracy to obstruct justice, as charged in the sixteenth count, was a separate and distinct offense from the conspiracies to violate the gambling laws, charged in the first 15 counts. Such question is answered by determining whether or not the essential elements of these common-law felonies are the same and whether or not substantially the same proof would convict of both offenses. The term, to obstruct justice, connotes an interference with the orderly administration of law. In 46 C. J. p. 868, it

is stated: "The phrase 'obstructing justice' means impeding or obstructing those who seek justice in a court, or those who have duties or powers of administering justice therein." See, also, *People* v. *Boyd,* 174 Mich. 321; *United States* v. *McLeod,* 119 Fed. 416; *Shackelford* v. *Commonwealth,* 185 Ky. 51 (214 S. W. 788); *State of Indiana* v. *Shumaker,* 200 Ind. 623 (157 N. E. 769, 162 N. E. 441, 163 N. E. 272, 58 A. L. R. 954); 29 Cyc. p. 1326; 39 Am. Jur. pp. 501, 502. In 2 Gillespie, Michigan Criminal Law and Procedure, p. 1879, § 1637, it is stated:

"The question upon the trial is not the guilt or innocence of the respondent in the main case, nor the sufficiency of the information nor the jurisdiction of the court, but whether the respondent was guilty of obstructing or interfering with the administration of justice."

The more common examples of obstruction of justice are the bribery and influencing of officials and officers intrusted with the enforcement of law, coercion of witnesses, interference with the obtaining of testimony, resisting an officer, and other acts generally calculated to interfere with the orderly process of the administration of law. To establish a conspiracy to obstruct justice would require evidence indicating some agreement, understanding, plan, design or scheme to commit acts which obstructed or were intended to obstruct the administration of law. Evidence of an agreement, plan, design or scheme to violate the gambling laws would indicate a conspiracy to commit such offense, but that evidence alone would not establish a conspiracy to obstruct justice. In other words, the evidence required to establish a conspiracy to obstruct justice is substantially different from that required to establish a conspiracy to violate the gambling laws.

The essential elements of these two common-law offenses are entirely different. Therefore, in the present case a conspiracy to obstruct justice was a separate, distinct and different offense from that of a conspiracy to violate the gambling laws.

In *People* v. *Bommarito, supra,* we said (p. 143):

"The doctrine is well settled that a person should not be subjected to trial for two separate and distinct offenses at one time. *People* v. *Rohrer,* 100 Mich. 126."

In 1 Gillespie, Michigan Criminal Law and Procedure, p. 676, § 568, it is stated:

"Where an information contains more than one count charging different offenses, the verdict must point out the offense of which the defendant is found guilty, and a general verdict of guilty is void and requires a new trial."

In *People* v. *Stuart,* 274 Mich. 246, a general verdict of guilty was entered on an indictment charging distinct and separate offenses in separate counts. In reversing the conviction and holding the verdict invalid, we said:

"The essential elements of these two statutory offenses are different. It is a matter of right that the defendant should have knowledge and have a proper record made of the exact offense of which he was convicted. * * * The general determination of the trial court that defendant was 'guilty as charged' was no more than a general verdict.

" 'A general verdict of guilty, without specifying the count or offense on which it is founded, is invalid where there are several counts, each of which charges a separate and distinct offense, of a nature and character radically different from that in the other counts, and having no necessary connection.' 16 C. J. p. 1105."

In the case of *People* v. *Aikin,* 66 Mich. 460 (11 Am. St. Rep. 512), defendant, a physician, was convicted under an information containing four counts, the first of which was abandoned. The second and third counts charged statutory manslaughter by the administering of medicines and drugs and by the use of an instrument to produce an abortion. The fourth count charged manslaughter by feloniously neglecting and refusing to provide the deceased with proper care and medical attention. The jury returned a general verdict of guilty upon the last three counts. In reversing the conviction we said (pp. 469–472):

"Under the general verdict he was found guilty upon all the counts. It was not pointed out to the jury that they might acquit upon the second and third, and find him guilty upon the fourth, or *vice versa.* Therefore it may be possible that a portion of the jury based their verdict upon the second and third counts exclusively, and another portion upon the fourth alone. There can be no safety in such a practice as this. They were not instructed that, if they failed to find him guilty under the fourth or any count, they must acquit upon that count, or that it was necessary to find him guilty of all the counts in order to bring in a general verdict against him. And no one can know of what particular crime of the two he was convicted.

"It is said in *People* v. *McKinney,* 10 Mich. 54, 94, 95, that where several offenses are charged, distinct in point of law, and the trial of these several offenses would involve the proof of substantially different transactions, and thereby tend to confuse the defendant in his defense, or deprive him of any substantial right, the court should either quash or compel the prosecutor to elect which offense he will ask a conviction upon.  *  *  *

"The true and only just rule as regards the joinder of counts in an information or indictment seems

to be, if the different counts are drawn and used with a view to one and the same transaction, so that one of them, upon the trial, may be found to meet the evidence, the court will not interfere with the proceeding, as such an object is a legitimate one. *  *  * *But when the object and purpose is apparent to prosecute the respondent  *  *  *  for separate felonies by means of one information or indictment, the court will not permit it to be done.*  *  *

"The two offenses charged did not relate to one and the same transaction, nor were these counts framed and used as different ways of charging the same offense.  *  *  * The two alleged offenses are as different in their nature,  *  *  *  as they well can be, and one is radically inconsistent with the other.  *  *  *

"He (defendant) has a right to be warned by the complaint and warrant of what he is accused, and ought not to be convicted of two different crimes, committed at different times, under one information, with the evidence of each confounded as a whole, and used indiscriminately to convict him of both."

In the case of *State* v. *McHenry,* 207 S. W. (Mo.) 808, the court said:

"Where a defendant is charged in the indictment with two or more different and distinct offenses, a general verdict, without designating of which offense he is found guilty, cannot stand."

See, also, *People* v. *Powers,* 272 Mich. 303; *People* v. *Marks,* 255 Mich. 271; *In re Henry Franklin,* 77 Mich. 615; *People* v. *McKinney, supra; Driver* v. *State,* 112 Ga. 229 (37 S. E. 400); *Whisnant* v. *State,* 39 Okla. Crim. 214 (264 Pac. 837); *State* v. *Pace,* 269 Mo. 681 (192 S. W. 428); 16 C. J. p. 1105.

The information in the present case charged separate and distinct offenses. The jury returned a verdict of "guilty as charged." We conclude that

this verdict was void because it convicted defendants of separate and distinct felonies. See *People* v. *Stuart, supra,* and *People* v. *Aikin, supra.*

Furthermore, in the present case there was no evidence establishing a conspiracy to obstruct justice or from which such a conspiracy might reasonably be inferred. The information charged, and the jury found, the defendants guilty of separate and distinct felonies, and there was no evidence establishing one of such felonies. In connection with the denial of defendants' motion, made before sentence, to set aside the verdict, the following colloquy occurred:

"(*Defendants' attorney*): It is also my contention that the verdict, as returned by the jury in this case, * * * 'guilty as charged,' is a void and illegal verdict. * * *

"Where there is no proof of conspiring to obstruct justice, * * * such a verdict is void. * * *

"*The Court:* The motion is denied. It (16th count) might wisely have been stricken by the prosecution at the outset of the jury's deliberations. * * *

"I am not taking in consideration * * * that count (16th) in imposing sentence. * * *

"I will impose sentence as to the 15 counts, one sentence to cover them all."

The jury returned a verdict of guilty on all 16 counts. The trial court attempted to disregard the sixteenth count and base his sentence solely on the first 15 counts. Such method of sentencing did not save the verdict, which was void for the reasons hereinbefore stated. The trial court could not usurp the function of the jury and, by his sentence, determine upon which counts the conviction was based.

The present case is readily distinguishable from *People* v. *Lowenstein,* 309 Mich. 94, 99, in which we said:

"The two counts did not charge inconsistent offenses. Both arose out of the same transaction, both were provable by the same testimony, only one time, place and subject being involved."

In the case before us the offense of a conspiracy to obstruct justice, charged in the sixteenth count, was separate, distinct and inconsistent with the offenses of conspiracies to violate the gambling laws. The essential elements of such felonies are entirely different and they were not provable by the same testimony.

In view of our conclusion that the jury's verdict was void, other questions presented do not require determination.

The judgment of conviction is reversed, the respective sentences are vacated and a new trial granted.

NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.