PEOPLE v VALLANCE

Docket No. 170511. Submitted February 7, 1996, at Grand Rapids. Decided April 26, 1996, at 9:20 A.M.

Lyle R. Vallance, Jr., was convicted by a jury in the Cheboygan Circuit Court, Robert C. Livo, J., of obstruction of justice for intimidation of a witness in criminal proceedings against the defendant. The defendant appealed.

The Court of Appeals held:

The Supreme Court, in citing 4 Blackstone, Commentaries (1890), pp 161-177, and the twenty-two offenses therein listed as constituting obstruction of justice at common law in People v Thomas, 438 Mich 448 (1991), did not limit the scope of obstruction of justice to those offenses, but merely illustrated the point that, at common law, obstruction of justice is not a single offense but rather a category of offenses that interfere with public justice. Intimidation of a witness in a judicial proceeding, although not among the twenty-two offenses listed by Blackstone, is indictable as obstruction of justice at common law. Accordingly, the charge against the defendant was properly laid.

Affirmed.

CRIMINAL LAW — OBSTRUCTION OF JUSTICE.

Obstruction of justice is a category of offenses that interfere with public justice and is not limited to the twenty-two offenses listed in 4 Blackstone, Commentaries (1890) as constituting obstruction of justice.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Joseph P. Kwiatkowski*, Prosecuting Attorney, and *Catherine Langevin Semel*, Assistant Attorney General, for the people.

*Farmer Law Office* (by *Jeanne M. DeLorme*), for the defendant on appeal.

Before: CORRIGAN, P.J., and BANDSTRA and W. A. CRANE,* JJ.

BANDSTRA, J. Defendant was charged with two counts of "obstruction of justice," MCL 750.505; MSA 28.773, on the basis of intimidation of a witness in criminal proceedings involving himself and Kevin Cochran. Defendant was convicted by a jury of only one count of violating MCL 750.505; MSA 28.773, involving the criminal proceedings pending against him. Defendant now appeals as of right. We affirm.

Defendant contends that the acts he was alleged to have committed do not constitute obstruction of justice, citing *People v Thomas*, 438 Mich 448; 475 NW2d 288 (1991). In *Thomas*, the Supreme Court was called upon to determine whether the circuit court erred in dismissing the charge of obstruction of justice arising from the making of a false statement in a police report in support of an arrest warrant. *Id.* at 450. Part of its endeavor required analysis of the common-law offense of obstruction of justice to determine if the charge could be maintained on the facts of the case. *Id.* at 455. Our Supreme Court stated:

> Obstruction of justice is generally understood as an interference with the orderly administration of justice. This Court, in *People v Ormsby*, 310 Mich 291, 300; 17 NW2d 187 (1945), defined obstruction of justice as " 'impeding or obstructing those who seek justice in a court, or those who have duties or powers of administering justice therein.' " In *People v Coleman*, 350 Mich 268, 274; 86 NW2d 281 (1957), this Court stated that obstruction of justice is "committed when the effort is made to thwart or impede the administration of justice." While these definitions adequately summa-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

rize the essential concept of obstruction of justice, we believe they lack the specificity necessary to sustain a criminal conviction.

Early commentaries categorized offenses by what the particular offense wronged. For instance, some categories included offenses against property, persons, peace, health and public justice. . . .

Like breach of the peace, at common law obstruction of justice was not a single offense but a category of offenses that interfered with public justice. Blackstone discusses twenty-two separate offenses under the heading "Offences against Public Justice."[5] If we now simply define obstruction of justice as an interference with the orderly administration of justice, we would fail to recognize or distinguish it as a category of separate offenses. We find no basis for this at common law.

To warrant the charge of common-law obstruction of justice, defendant's conduct must have been recognized as one of the offenses falling within the category "obstruction of justice." Of the twenty-two offenses listed by Blackstone, the offenses of "barratry" and "conspiracy to indict an innocent man" are the closest to these facts. Common-law barratry was an offense committed when an individual filed meritless suits against others. A necessary element of barratry, however, is that it required the filing of more than one suit. The facts of this case do not support this finding. Further, conspiracy to indict an innocent man fails for the more obvious reason that no conspiracy has been claimed here. Therefore, we find no common-law precedent for the obstruction of justice charged against this defendant. [*Thomas, supra* at 455-458.]

---

[5] The twenty-two offenses are:

1. Imbezzling or vacating records, or falsifying certain other proceedings in a court of judicature . . . . 2. [induce a prisoner] to accuse and turn evidence against [another] . . . . 3. . . . obstructing the execution of lawful process . . . . 4. An escape of a person arrested upon criminal process, by eluding the vigilance of his keepers before he is put in hold . . . . 5. Breach of prison by the offender

himself, when committed for any cause . . . . 6. Rescue is
the forcibly and knowingly freeing another from an arrest
or imprisonment . . . . 7. . . . returning from transporta-
tion . . . before the expiration of the term for which the
offender was ordered to be transported . . . . 8. . . . taking a
reward, under pretence of helping the owner to his stolen
goods . . . . 9. Receiving of stolen goods, knowing them to
be stolen . . . . 10. . . . the party robbed not only knows the
felon, but also takes his goods again, or other amends, upon
agreement not to prosecute . . . . 11. Common barretry is
the offence of frequently exciting and stirring up suits and
quarrels . . . . 12. . . . officious intermeddling in a suit that
no way belongs to one, by maintaining or assisting either
party with money or otherwise . . . . 13. Champerty . . .
being a bargain with a plaintiff or defendant . . . to divide
the land or other matter sued for between them . . . . 14. . . .
compounding of informations upon penal stat-
utes . . . . 15. . . . conspiracy . . . to indict an innocent
man . . . . 16. . . . perjury . . . . 17. Bribery  . . . . 18. Embrac-
ery is an attempt to influence a jury corruptly to one
side . . . . 19. The false verdict of jurors, whether occa-
sioned by embracery or not . . . . 20. . . . negligence of pub-
lic officers . . . . 21. . . . oppression and tyrannical partiality
of judges, justices, and other magistrates, in the administra-
tion and under the colour of their office . . . . 22. . . . extor-
tion . . . . [4 Blackstone, Commentaries (1890), pp 161-177.]

---

Because the Court could "find no basis in the com-
mon law" for the charge of obstruction of justice,
despite the fact that the defendant's conduct was a
"substantial impediment to the administration of jus-
tice," the dismissal of the charge was affirmed. *Id.* at
458.

The problem presented by the *Thomas* opinion is
the proper interpretation of its discussion regarding
obstruction of justice. Did *Thomas* limit the scope of
offenses constituting "obstruction of justice" to the

twenty-two offenses listed by Blackstone? Or was the Court merely referring to Blackstone's list to illustrate the point that, at common law, "obstruction of justice" was not a single offense but rather a category of offenses?

We find nothing in the *Thomas* analysis to suggest that offenses recognized at common law as obstruction of justice are, nonetheless, not to be so considered if they are not included in the Blackstone list. Accord *People v Davis*, 408 Mich 255, 286, n 7; 290 NW2d 366 (1980) (LEVIN, J., concurring) ("Blackstone's compilation did not purport to be comprehensive . . . ."). Accordingly, we conclude that the Supreme Court's reference in *Thomas* to Blackstone was merely to illustrate the point that at common law, "obstruction of justice" is not a single offense, but a category of offenses that interfere with public justice. *Thomas, supra* at 455-457. See also *Davis, supra* at 286-293 (LEVIN, J., concurring). A charge of obstruction of justice was warranted if defendant's conduct would have been recognized as one of the many offenses falling within the rubric "obstruction of justice" at common law. *Thomas, supra* at 457-458. Intimidation of a witness in judicial proceedings is an indictable offense at common law, associated with the concept of obstructing justice. See *Davis, supra* at 286-288 (LEVIN, J. concurring), citing *The King v Steventon*, 2 East 362; 102 Eng Rep 407 (1802), and *State v Keyes*, 8 Vt 57 (1836). See also *People v Ormsby*, 310 Mich 291, 300-301; 17 NW2d 187 (1945); *People v Boyd*, 174 Mich 321, 324-326; 140 NW 475 (1913). Accordingly, the charge against defendant was properly laid. Accord *People v Tower*, 215 Mich App 318; 544 NW2d 752 (1996).

Defendant's conviction is therefore affirmed.