PEOPLE v RITCHIE

Docket No. 77-3251. Submitted June 21, 1978, at Detroit.—Decided September 5, 1978.

Marvin J. Ritchie was charged with armed robbery and receiving and concealing stolen property. These charges arose out of his alleged use of a stolen automobile and his alleged participation in an armed robbery. A witness, Michael Davis, testified that he was robbed by defendant and his partner and that they left in a blue Monte Carlo automobile. The defendant was convicted of the receiving and concealing stolen property charge and found not guilty of armed robbery, Recorder's Court of Detroit, George W. Crockett, III, J. The trial judge disregarded defendant's objection to joinder of the charges, refused to suppress a prior conviction for receiving and concealing stolen property and ruled that cross-examination would be open as to both charges in the event defendant took the stand. The defendant appeals claiming that the joinder of charges against him was prejudicial because it resulted in the admission of evidence which could not have been presented at separate trials and that the joinder of charges and the trial court's refusal to limit cross-examination "chilled" the exercise of his constitutional right to testify as to one charge but not as to the other. *Held:*

1. The armed robbery and receiving and concealing a stolen automobile charges were improperly joined for trial. The only fact which served to connect the two offenses was defendant's alleged use of the stolen automobile in leaving the scene of the armed robbery. There was no proof that the vehicle was used

References for Points in Headnotes

[1, 2, 4] 41 Am Jur 2d, Indictments and Informations §§ 213, 226.

[2, 4, 6] 41 Am Jur 2d, Indictments and Informations §§ 292, 293.
  75 Am Jur 2d, Trial §§ 7–9, 17–20.

[3] 41 Am Jur 2d, Indictments and Informations §§ 210–212.

[5] 29 Am Jur 2d, Evidence §§ 320, 321, 323–326.
  Admissibility, at trial of criminal case, of evidence of defendant's criminal acts other than those charged—Supreme Court cases. 93 L Ed 185.

[6] 21 Am Jur 2d, Criminal Law § 349 *et seq.*

as a getaway car and no common scheme established which would connect the charged offenses.

2. Witness Davis's testimony to the effect that he had observed defendant driving the stolen automobile would have been admissible at a separate trial of defendant on the receiving and concealing charge but his statements concerning the alleged armed robbery would not; therefore, Davis's testimony was prejudicial and inadmissible in a trial where armed robbery and receiving and concealing charges have been joined.

3. The court's refusal to limit cross-examination of the defendant to a single charge was error and an infringement of defendant's constitutional right to testify in his own behalf. The threat of open cross-examination on both charges may have interfered with the free exercise of defendant's right not to take the stand.

Reversed.

1. INDICTMENT AND INFORMATION—TRIAL—JOINDER OF OFFENSES—SAME TRANSACTION TEST.

Joinder of several distinct charges against a defendant does not prejudice his defense or require a trial court to quash or compel an election between offenses where the charges arise out of substantially the same transaction or are so connected in their facts as to constitute parts of the same transaction.

2. CRIMINAL LAW—INDICTMENT AND INFORMATION—TRIAL—JOINDER OF OFFENSES—MOTION FOR SEVERANCE—SAME CONDUCT TEST—SCHEME OR PLAN—JUDGE'S DISCRETION.

A trial judge must sever two or more offenses when the offenses have been joined for trial solely on the ground that they are of the same or similar character and the defendant files a timely motion for severance objecting to the joinder; a judge has no discretion to permit the joinder for trial of separate offenses committed at different times unless the offenses are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

3. CRIMINAL LAW—TRIAL—JOINDER OF OFFENSES—JOINDER OF DEFENDANTS—CHARGES AND PROOFS.

Joinder of multiple criminal charges against two or more defendants is permissible where (1) there is a significant overlapping of issues and evidence, (2) the charges constitute a series of events, and (3) there is a substantial inter-connectedness between parties defendant, the trial proofs, and the factual and legal bases of the crimes charged.

4. CRIMINAL LAW—TRIAL—JOINDER OF OFFENSES—EVIDENCE.

An armed robbery charge and a receiving and concealing stolen property charge involving a stolen automobile should not have been joined for trial where the only fact which served to connect the two offenses was defendant's alleged use of the stolen vehicle in leaving the scene of the armed robbery, without proof that the vehicle was used as a getaway car, and no common scheme was established which would connect the charged offenses.

5. CRIMINAL LAW—EVIDENCE—OTHER BAD ACTS—ADMISSIBILITY—PREJUDICIAL EFFECT.

Evidence of a defendant's other bad acts is generally inadmissible because its probative value is outweighed by the likelihood that it will prejudice the jury against the defendant, preventing an objective determination of the disputed factual issues; a defendant's other bad acts may be admitted into evidence as an exception to this rule if (1) there is substantial evidence that defendant actually perpetrated the bad act sought to be introduced, (2) there are some special circumstances of the prior bad act which tend to prove that the facts or circumstances of the other bad acts are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system in committing the charged offense, and (3) defendant's motive, intent, absence of mistake or accident, scheme, plan or system is material to the determination of defendant's guilt of the charged offense (MCL 768.27; MSA 28.1050).

6. CRIMINAL LAW—CONSTITUTIONAL LAW—RIGHT TO TESTIFY—JOINDER OF OFFENSES—CROSS-EXAMINATION.

Every criminal defendant is privileged to testify in his own defense, or to refuse to do so; a defendant's constitutional right to testify in his own behalf was infringed where there was an improper joinder of criminal charges coupled with a trial court's refusal to limit cross-examination of the defendant to the charge to which he could have testified at a separate trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Riley & Roumell* (by *Robert J. Colombo, Jr.),* for defendant on appeal.

Before: R. M. Maher, P. J., and J. H. Gillis and McGregor,* JJ.

McGregor, J. Defendant Marvin Joe Ritchie was charged with receiving or concealing stolen property contrary to MCL 750.535; MSA 28.803 in an information dated January 22, 1977. Prior to trial, the prosecutor moved to consolidate that case with a charge of armed robbery contrary to MCL 750.529; MSA 28.797 and to consolidate those charges against defendant with a charge of armed robbery against one Robert Johns. A jury found defendant guilty of receiving and concealing stolen property and not guilty of armed robbery. Co-defendant Johns was acquitted. Defendant was sentenced to a term in prison of not less than 40 months nor more than 60 months and now appeals as of right.

The charges against defendant arose out of his alleged use of a stolen automobile and his alleged participation in an armed robbery. The complainant as to the receiving or concealing charge, Louis Manuel Diaz, described a blue Monte Carlo automobile, license number DJR-279, which was taken without his permission on January 17, 1977, from the alley in which he had parked it. Prior to discovering that the car was gone, Mr. Diaz realized that he did not have his car keys.

The arresting officer testified that he and his partner were on routine patrol when they observed the defendant getting behind the steering wheel of a blue Monte Carlo, license number DJR-

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

279. At the same time, two other men, codefendant Johns and a man named Dean, were walking in the direction of the automobile. Dean was carrying a handgun. The defendant was patted down and relieved of the keys to the stolen car.

The complainant as to the armed robbery charge, Michael Davis, testified that the defendant and codefendant Johns arrived at his house on January 19, 1977, pointed guns at him and demanded money. They then left in a blue Monte Carlo, the license number of which Davis described to police as DJR-279.

The defendant's brother, Jack Wright, testified that the keys to the stolen car were not taken from his brother. Instead, said Wright, he had taken the keys from the car, thinking it belonged to a neighbor who had left it running, and had given them to the police.

Prior to selection of a jury, defense counsel moved to suppress the defendant's criminal record in the event that the defendant wished to testify and indicated that the defense objected to the joinder of the charges against defendant on the grounds, *inter alia,* that prior convictions unrelated to one of the charged offenses but related to the other might come in whereas such related convictions would not be allowed at separate trials. The trial court refused to suppress a prior conviction for attempted receiving and concealing and disregarded the objection to joinder.

Defendant's counsel also asked the court to limit cross-examination, in the event defendant took the stand and was questioned on direct as to one charge only, to his testimony on that charge. The trial court ruled that cross-examination would be open and, when defense counsel noted this on the record as a further reason for the defense objec-

tion to the joinder of charges, the trial judge adopted the prosecutor's theory that the two charges were part of the same transaction or series of transactions.

Defendant asserts on appeal that the joinder of charges against him was prejudicial because it resulted in the admission of evidence which could not have been presented at a separate trial on the receiving or concealing charge and because it "chilled" defendant's exercise of his constitutional right to testify as to one charge but not as to the other.

In *People v Johns,* 336 Mich 617; 59 NW2d 20 (1953), the Court ruled that the joinder of several distinct charges against a defendant will not prejudice his defense or require the trial court to quash or compel an election where the charges arise out of substantially the same transaction or are so connected in their facts as to constitute parts of the same transaction.

"It is to be noted that this Court has emphasized that the offenses charged in the several counts must arise out of substantially the same acts committed at the same time." 336 Mich at 623.

In *People v Tobey,* 401 Mich 141; 257 NW2d 537 (1977), the Court held that a trial judge must sever two or more offenses when they have been joined for trial solely on the ground that they are of the same or similar character and defendant files a timely motion for severance objecting to the joinder.

" * * * a judge has no discretion to permit the joinder for trial of separate offenses committed at different times unless the offenses 'are based on the same conduct or on a series of acts connected together or consti-

tuting parts of a single scheme or plan.' " 401 Mich at 153.

Although the relevant facts in the case of *People v Slate,* 73 Mich App 126; 250 NW2d 572 (1977), which involved the joinder of multiple defendants on charges of armed robbery and receiving and concealing the goods taken in that theft, are distinguishable from those in the case at bar, we find that decision instructive in its discussion of the requisite connection between offenses properly joined for trial.

"In the case at bench, the application of these legal rules to the facts persuades this Court that there was present a significant overlapping of issues and evidence at the trial below in relation to the two charges of robbery armed and receiving and concealing stolen property. There was certainly substantial and significant 'inter-connectedness' between the parties-defendant, the trial proofs, and the factual and legal bases of the crimes charged. In fact, it can reasonably be inferred from the evidence presented at trial that the two charges constituted a 'series of events' within the meaning of the relevant Federal joinder rule (Rule 8[b]), the reasoning of which has been adopted and approved by this Court in the *Billingslea* case.

\* \* \*

"In the instant case, we are presented with an initial stealing (robbery) of goods by two defendants and subsequently a receiving and concealing of said stolen goods by all three defendants. The same stolen jewelry, or evidence relating thereto, which was necessarily involved in the robbery armed charges was also necessarily involved in the receiving and concealing charges. This would have been true even if the charges had not been jointly tried \* \* \* Thus, the same or necessarily similar evidence and proofs could properly have been placed against defendant Slate in a separate trial as were actually placed into evidence here at the complained of joint trial." 73 Mich App at 134–136.

The only fact which served to connect the two offenses charged in the instant case, on the other hand, was defendant's alleged use of the stolen vehicle in leaving the scene of the armed robbery of Mr. Davis. It was not shown at trial that defendant acquired the stolen vehicle which was the subject of the receiving or concealing charge for use as a "getaway" car in the armed robbery. Nor was any common scheme established which could connect the two offenses charged. Thus, although defendant's use of the stolen car and his participation in the alleged robbery occurred at the same time and were subject to proof by similar evidence, we conclude that joinder of the charges was improper under the rule stated in *Johns, supra.*

Furthermore, while Mr. Davis's testimony to the effect that he had observed the defendant driving this stolen automobile would have been admissible at a separate trial of defendant on the receiving and concealing charge, his statements concerning the alleged armed robbery would not.

"In Michigan, evidence of a defendant's other bad acts is generally inadmissible because its probative value is outweighed by the likelihood that it will prejudice the jury against the defendant, preventing an objective determination of the disputed factual issues. *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), *People v Der Martzex,* 390 Mich 410; 213 NW2d 97 (1973).

" 'This rule of law guards against convicting an accused person because he is a bad man. Barring such evidence prevents the trier of fact from inferring that the accused person is guilty of the charged offense because he has committed other similar acts or crimes.' *People v Matthews,* 17 Mich App 48, 52; 169 NW2d 138 (1969)." *People v Wilkins,* 82 Mich App 260, 265; 266 NW2d 781 (1978).

"Similar acts" evidence may be admissible under the exception stated in MCL 768.27; MSA 28.1050 if 1) there is substantial evidence that defendant actually perpetrated the bad act sought to be introduced; 2) there are some special circumstances of the prior bad act which tend to prove one of the statutory items; and 3) defendant's motive, intent, absence of mistake or accident, scheme, plan or system is material to the determination of defendant's guilt of the charged offense. *People v Adan,* 83 Mich App 326, 331; 268 NW2d 397 (1978).

Although Mr. Davis's testimony constituted substantial evidence that defendant committed the armed robbery and defendant's use of the stolen vehicle in leaving the scene of that crime tended to establish his guilt on the receiving and concealing charge by showing possession, the third requirement plainly was not satisfied. The admission of Davis's testimony concerning the armed robbery at a separate trial on the receiving charge therefore would have been erroneous. Since the jury acquitted defendant of armed robbery, however, apparently disbelieving Davis's testimony, we are inclined to consider that error harmless even though the prejudicial effect of the improperly admitted evidence apparently outweighed its probative value. Thus, the use of that evidence at the joint trial below was not, in itself, cause for reversal.

Since we find substance in defendant's second claim of prejudice, however, we need not rely on this evidentiary matter to reverse his conviction and remand for a new trial. In *Harris v New York,* 401 US 222; 91 S Ct 643; 28 L Ed 2d 1 (1971), the United States Supreme Court stated that "every criminal defendant is privileged to

testify in his own defense, or to refuse to do so". We conclude that joinder of these charges against defendant and the trial court's refusal to limit cross-examination of defendant to the charge about which he might have testified at trial impermissibly infringed his constitutional right to testify in his own behalf. At the same time, since the defendant's failure to testify may have resulted from the threat of open cross-examination rather than the free exercise of his right not to take the stand, he was also denied his constitutional right not to testify. For this reason, the conviction is reversed.

Reversed.