PEOPLE v THOMPSON

Docket No. 78-3073. Submitted October 19, 1979, at Detroit.—Decided
    December 18, 1979. Leave to appeal applied for.

James E. Thompson, III, was charged with armed robbery and
    possession of a firearm in the commission of a felony. During
    the course of the trial there was testimony that the automobile
    in which the defendant fled the scene of the crime had been
    stolen previously. The defendant in his own testimony freely
    admitted receiving the stolen vehicle, and made no objection
    when a prosecution motion was made to add a count of receiv-
    ing or concealing stolen property and the trial court allowed
    joinder of the additional charge. The defendant was found
    guilty on all three charges, Recorder's Court of Detroit, Patricia
    J. Boyle, J. Defendant appeals, alleging that the felony-firearm
    statute is unconstitutional, that the prosecutor improperly
    enlisted the sympathy of the jury in regard to the complaining
    witness, and that the conviction of receiving or concealing
    stolen property is infirm because the prosecution failed to
    establish the corpus delicti of the offense by evidence other
    than the defendant's in-court admission. *Held:*

    1. The felony-firearm statute is constitutional.

    2. The prosecutor's argument regarding the reliability of the
    complaining witness was related to the evidence and relevant
    to the witness's credibility, which was an issue at trial. The
    argument was not improper.

    3. The charge of receiving or concealing stolen property was
    improperly joined. That felony occurred on another day and
    was unrelated to the armed robbery and felony firearm
    charges.

    The armed robbery and felony-firearm convictions are af-

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 41 Am Jur 2d, Indictments and Informations § 224.
[2] 75 Am Jur 2d, Trial § 306.
    81 Am Jur 2d, Witnesses § 518.
[3] 29 Am Jur 2d, Evidence § 615.
    30 Am Jur 2d, Evidence §§ 1134, 1142.
[4] 5 Am Jur 2d, Appeal and Error § 599.

firmed; the receiving or concealing stolen property conviction is reversed.

DANHOF, C.J., dissented from the reversal of the conviction of receiving or concealing stolen property. The defendant's only assertion of error regarding that conviction was that the prosecution failed to establish the corpus delicti by evidence independent of the defendant's statements. However, the corpus delicti rule does not apply to confessions freely made from the witness stand. As to the improper joinder, the defendant does not appeal on that ground, no objection to the joinder was made at trial, and the defendant utilized the added charge in his defense strategy, hoping the jury would convict him of the lesser offense and acquit him of the armed robbery. Under these circumstances the Court of Appeals should not reverse the conviction of receiving or concealing stolen property on the basis of improper joinder. Judge DANHOF would affirm all three convictions.

### OPINION OF THE COURT

1. CRIMINAL LAW — JOINDER — SEPARATE FELONIES.
   Joinder of an additional felony charge against a defendant who is on trial for another felony is improper, despite the defendant's failure to object, where the two offenses occurred on different days and had no connection with each other.

DISSENT IN PART, CONCURRENCE IN PART BY DANHOF, C.J.

2. CRIMINAL LAW — PROSECUTORS — INFERENCES.
   A prosecutor may properly argue that the evidence that has been presented in a trial justifies an inference regarding the reliability of a witness.

3. CRIMINAL LAW — CORPUS DELICTI — CONFESSIONS.
   The rule that the prosecution must establish the corpus delicti of a charged offense with evidence other than the defendant's admission does not apply to confessions freely made from the witness stand; such a statement is in the nature of a plea of guilty.

4. CRIMINAL LAW — JOINDER — APPEAL AND ERROR — UNRELATED FELONIES.
   *Joinder of an additional unrelated felony charge during the trial of a defendant on another felony charge, based upon the defendant's admission at trial of the additional felony, was not improper where the defendant did not object to the joinder and based his defense strategy on the existence of the additional*

*charge; the Court of Appeals should not reverse a defendant's conviction on an added charge on the basis of improper joinder where the defendant has not raised the issue on appeal.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Jerome S. O'Connor,* Assistant Prosecuting Attorney, for the people.

*Michael S. Surnow,* for defendant on appeal.

Before: DANHOF, C.J., and N. J. KAUFMAN and D. C. RILEY, JJ.

N. J. KAUFMAN, J. We agree with and adopt the facts presented in the dissenting opinion, but do not agree with the conviction of receiving or concealing stolen property over the value of $100, MCL 750.535; MSA 28.803, for the reasons stated in *People v Ritchie,* 85 Mich App 463; 271 NW2d 276 (1978).

The two cases are almost identical with the exception that, in the case at hand, defendant's reference to the stolen automobile was a strategic move to explain why he fled the scene of the alleged robbery. Thus, he entered no objection to the addition of the receiving or concealing count, as he undoubtedly was hoping that the jury would find him guilty of receiving or concealing, and not guilty of robbery armed. Despite defendant's failure to object, it must be noted that the two offenses occurred on different days and had no connection with each other. They should not have been joined, especially after the trial was in progress. See *People v Ormsby,* 310 Mich 291, 303; 17 NW2d 187 (1945), where it is stated:

"'* * * But when the object and purpose is appar-

*ent[ly] to prosecute the respondent * * * for separate felonies by means of one information or indictment, the court will not permit it to be done. * * *'* "* (Emphasis in original.)

Although this issue was not raised on appeal, since the function of this Court is to dispense justice it has limited power to raise questions on its own. *People v Noel,* 88 Mich App 752, 754; 279 NW2d 305 (1979).

In *Ormsby, supra,* a general verdict of guilty was entered upon an indictment charging distinct and separate offenses in separate counts. The Supreme Court reversed the conviction, finding the verdict invalid. That problem does not exist in this case, however, as the jury came in with separate verdicts of guilty of (1) robbery armed, (2) felony-firearm, and (3) receiving or concealing. Nevertheless, the instant verdicts are still infirm due to the improper joinder.

Although we agree with the general legal propositions the dissent raises, we must note that it was the prosecution who created the error by making the motion to add the receiving or concealing count. Thus, even though the defendant utilized the addition of this count as part of his defense strategy, it cannot be said that he created the error.

Accordingly, we affirm defendant's robbery armed and felony-firearm convictions, but reverse his receiving or concealing conviction. In view of this decision, the question of corpus delicti in the receiving count need not be decided.

Affirmed in part; reversed in part.

D. C. RILEY, J., concurred.

DANHOF, C.J. *(dissenting in part, concurring in*

*part).* The defendant was charged with armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). Upon the defendant's direct examination testimony that he had knowingly received the stolen vehicle he allegedly used in the robbery, a count of receiving or concealing stolen property of a value greater than $100 was added without defense objection. The jury found the defendant guilty of all three offenses.

The defendant's claim that the "felony firearm" statute is unconstitutional has been rejected in *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979).

The complaining witness testified that he had lost his legs in the Viet Nam war and that after leaving military service he had pursued his education and taken up a career as a social worker or youth counsellor. In closing argument the prosecutor referred to the witness's "agony and suffering" while recuperating from his wounds and argued that the witness's subsequent career achievements showed him to be trustworthy. The defendant claims that this argument improperly enlisted the sympathy of the jury in the prosecutor's cause.

We cannot agree with the defendant's contention. This argument, while more dramatic than it needed to be, was related to the evidence and relevant to the witness's credibility, a very important issue at trial. A prosecutor may properly argue that the evidence that has been presented in the trial justifies an inference about the reliability of a witness. See *People v Roberson,* 90 Mich App 196; 282 NW2d 280 (1979). In any event, the evidence of the defendant's guilt was overwhelming and therefore renders any impropriety in this argument harmless. See *People v Christensen,* 64 Mich App 23; 235 NW2d 50 (1975).

The evidence showed that the robber fled in an automobile and the complainant gave chase, enlisting along the way the assistance of the police officers who eventually stopped the defendant and made the arrest. A handgun and the complainant's property were found in the automobile the defendant was driving. One of the arresting officers testified, perhaps unresponsively, that the automobile in which the defendant was captured had been stolen at some earlier date. *Sua sponte,* the trial judge immediately instructed the jury to disregard this remark. However, in his own testimony the defendant freely admitted knowingly receiving the stolen vehicle, denying the robbery and asserting that this lesser crime was the reason he had led the police on the high speed chase. That this was to be the defendant's major defense strategy was made clear when he did not object to the prosecutor's motion to add a count charging the defendant with receiving the stolen car.

The only objection that the defendant brings to this Court regarding his conviction of receiving or concealing stolen property is an assertion that the conviction is infirm because "the prosecution failed to establish the *corpus delicti* [of the offense by evidence] *aliunde* the appellant's in-court admission". In this assertion the defendant seriously misapprehends the purposes and scope of the corpus delicti rule. The rule has evolved as a guard against impulsive or intemperate confessions and unreliable reports by confessors of questionable intention. The rule has never been thought to apply to confessions freely made from the witness stand; such a statement is in the nature of a plea of guilty. See *People v Kirby,* 223 Mich 440; 194 NW 142 (1923), and 7 Wigmore, Evidence (Chadbourn ed), § 2071, p 524.

It is clear that the receiving or concealing of-

fense to which the defendant confessed in court was sufficiently removed in time and nature from the robbery and firearm charges to warrant a separate trial. The question is whether the conviction of that crime should be reversed under the circumstances of this case, in which the three offenses were tried together.

In *People v Tobey,* 401 Mich 141, 153; 257 NW2d 537 (1977), the Court wrote:

"[A] judge must sever two or more offenses when the offenses have been joined for trial solely on the ground that they are of the 'same or similar character' *and the defendant files a timely motion for severance objecting to the joinder."* (Emphasis added.)

In *People v Ormsby,* 310 Mich 291; 17 NW2d 187 (1945), cited by the majority, the defendant had sought relief from a general verdict of guilty of an improperly-joined assortment of charges before coming to the appellate court. The passage quoted by the majority is from a discussion in *People v Aiken,* 66 Mich 460; 33 NW 821 (1887), which relied upon *People v McKinney,* 10 Mich 54, 94, 95 (1862), wherein the Court concluded:

"But I think it very questionable, at least, whether the prosecutor ought to have been compelled to elect as between any of the sums received from the railway company, had the [trial] court been called upon for that purpose. *But the court was not called upon to order an election, and no such question arises [in this appeal]."* (Emphasis added.) 10 Mich at 96.

Unexplained failures to object to misjoinder of offenses for trial have been said to preclude appellate review in *People v Dexter,* 6 Mich App 247, 252; 148 NW2d 915 (1967), *People v Carey,* 36

Mich App 640; 194 NW2d 93 (1971), and *People v Smith,* 90 Mich App 20; 282 NW2d 227 (1979).

In the case at bar, the defendant's failure to object to the joinder of the receiving or concealing charge was not unexplained. It was, as the majority acknowledges, a "strategic move" designed to induce the jury to convict him of receiving or concealing stolen property and acquit him of the robbery and firearm offenses. It was, as the majority must agree, a deliberate and informed choice. Despite the fact that the defendant has shown no dissatisfaction with the joinder in his brief in this Court, the majority has elected to relieve him of the "error" he sought to create. In circumstances such as these, I cannot hold that the defendant may seek the benefit of his tactic in the trial court and be relieved of its liabilities on appeal. "Counsel cannot sit back and harbor error to be used as an appellate parachute in the event of jury failure." *People v Brocato,* 17 Mich App 277, 305; 169 NW2d 483 (1969).

I would affirm all three convictions.