PEOPLE v THOMPSON

Docket No. 64522. Decided December 23, 1980. On application by the
    people for leave to appeal the Supreme Court, in lieu of
    granting leave to appeal, reversed the judgment of the Court of
    Appeals and remanded the case to that Court for consideration
    of another issue.

James E. Thompson, III, was charged with armed robbery and
    possession of a firearm in the commission of a felony. After the
    proofs had been presented the Recorder's Court of Detroit,
    Patricia J. Boyle, J., granted the motion of the prosecutor to
    add a charge of receiving and concealing stolen property over
    the value of $100, based on the defendant's testimony that he
    was operating a stolen vehicle when he was arrested for the
    unrelated armed robbery. The defendant did not object. The
    defendant was convicted by the jury of the three charges. The
    Court of Appeals, N. J. Kaufman and D. C. Riley, JJ. (Danhof,
    C.J., dissenting), reversed the conviction of receiving and con-
    cealing stolen property on the ground that the additional
    charge was improperly joined (Docket No. 78-3073). The people
    apply for leave to appeal. *Held:*

Joinder of an additional charge immediately before argument
    is not permitted where the apparent object is to prosecute the
    defendant for separate felonies by means of one information or
    indictment. The evidence in this case does not show the time
    and place of the receiving and concealing of stolen property,
    but the Court of Appeals decided that it occurred under circum-
    stances which had nothing to do with the armed robbery, and
    granted relief. Defense counsel apparently acquiesced in the
    addition of the charge; further, neither misjoinder nor ineffec-
    tive assistance of counsel was at issue on appeal. The defen-
    dant, on direct examination by his attorney, admitted receiving
    stolen property; his failure to object to the joinder was appar-
    ently intended to induce the jury to believe the defendant's
    explanation that his attempts to elude police officers were
    motivated by his knowledge that he was driving a stolen
    vehicle and that he had not robbed the complainant. Where a
    defendant has purposely failed to object to joinder as a strat-
    egy, the improper joinder is not so offensive to the maintenance

of a sound judicial system that reversal must result. The defendant cannot be permitted to reap the benefit of a trial tactic and yet be relieved of its burden on appeal. Even if the failure to object to the misjoinder was not a trial tactic, unexplained failures to object to misjoinder of offenses for trial preclude appellate relief. The misjoinder of offenses in this case did not substantially prejudice the defendant; therefore, the case is remanded to the Court of Appeals to determine whether the corpus delicti of the added charge was properly placed in evidence by the prosecution. If the Court of Appeals determines that the prosecution has met its evidentiary burden, the conviction of receiving and concealing stolen property shall be reinstated.

94 Mich App 315; 288 NW2d 421 (1979) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Michael S. Surnow* for defendant.

PER CURIAM. This case requires us to pass upon defense failure to object to the joinder, after presentation of proofs by both sides and before final arguments, of an unrelated felony charge. On appeal the Court of Appeals, *sua sponte,* determined that such joinder constitutes reversible error. We disagree. In lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals. The case is remanded to determine whether the corpus delicti of the added felony conviction was placed in evidence by the prosecution.

I

On May 3, 1978, complainant Johnnie Rucker was robbed by an armed assailant who fled in a

blue Thunderbird. Rucker gave pursuit in his own vehicle, and was able to inform the police of the recently committed robbery when he pulled alongside a cruiser during the chase. The police eventually captured the Thunderbird's driver when the automobile struck a parked vehicle. Complainant's belongings were found intact in the Thunderbird.

The driver, defendant James Thompson, was charged with armed robbery, MCL 750.529; MSA 28.797, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2). A third count, receiving and concealing stolen property over the value of $100, MCL 750.535; MSA 28.803, was added upon the prosecutor's motion at the close of the proofs by both sides, without objection by defense counsel. A Detroit Recorder's Court jury returned verdicts of guilty on all charges. Defendant was sentenced to serve 20 to 40 years in prison for the armed robbery conviction and a mandatory consecutive two-year term on the felony-firearm conviction. A concurrent sentence of 3 to 5 years in prison was imposed for the receiving and concealing conviction.

The additional felony charge was requested after defendant took the stand to explain his conduct in fleeing from the pursuing police cruiser. He maintained that his attempts to elude the police were motivated by his knowledge that the Thunderbird was a stolen automobile. Defendant claimed, however, that he had obtained the Thunderbird earlier on the day of the robbery from a friend named Dorian Gray. Defendant denied that he had robbed complainant.

Based upon defendant's admission that he was operating a stolen vehicle, the trial court granted the prosecutor's unopposed motion to add a count of receiving and concealing stolen property over

the value of $100. No direct testimony regarding any of the elements of that offense was either submitted or received into evidence except for the defendant's statement and a corroborative remark by one of the officers who had arrested defendant at the scene.

The failure to place the corpus delicti of the receiving and concealing offense into evidence was the thrust of the defendant's argument in the Court of Appeals. While defendant's sufficiency challenge was not addressed by a divided Court, the receiving and concealing conviction was held infirm because of improper joinder. 94 Mich App 315; 288 NW2d 421 (1979). The convictions of armed robbery and felony-firearm were affirmed.

Chief Judge DANHOF, writing in dissent, argued that the Court of Appeals has consistently declined to grant relief where no objection is made to joinder. Defense counsel's inaction was apparently a strategic move to induce the jury to convict on the lesser offense in lieu of the robbery and felony-firearm charges.

## II

Our task is to determine whether, as held by the Court of Appeals, the trial court erred reversibly in permitting joinder of the unrelated count of receiving and concealing stolen property immediately prior to the final arguments.

The basic rule in this area was enunciated by *People v Ormsby,* 310 Mich 291, 302-303; 17 NW2d 187 (1945):

" 'The true and only just rule as regards the joinder of counts in an information or indictment seems to be, if the different counts are drawn and used with a view to one and the same transaction, so that one of them,

upon the trial, may be found to meet the evidence, the court will not interfere with the proceeding, as such an object is a legitimate one. * * * But when the object and purpose is apparent to prosecute the respondent * * * for separate felonies by means of one information or indictment, the court will not permit it to be done.' "

The sketchy evidence in the case does not reveal the time and place of the receiving and concealing offense. However, the Court of Appeals determined that it occurred under altogether separate circumstances which had nothing to do with the armed robbery. Accordingly, the majority granted relief under the *Ormsby* rule.

A similar factual setting was present in the case of *People v Ritchie,* 85 Mich App 463; 271 NW2d 276 (1978). The Court of Appeals held in that instance that charges of armed robbery and receiving and concealing a stolen automobile were improperly joined. Restating the rule set forth in *People v Tobey,* 401 Mich 141, 153; 257 NW2d 537 (1977), that a judge has no discretion to permit the joinder for trial of separate offenses committed at different times unless the offenses are based upon the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, the Court noted that the only fact connecting the two offenses was the defendant's alleged use of the stolen vehicle in leaving the scene of the robbery. Since there was neither a showing that the defendant had acquired the stolen automobile for use in the robbery, nor establishment of a common scheme connecting the offenses, the *Ritchie* Court held that joinder was erroneous.

Both our *Tobey* and *Ormsby* opinions, however, clearly envisioned a timely motion for severance or other objection to the joinder. We noted in *Ormsby* that "as [the] claim of misjoinder was not

raised during the trial, * * * it cannot be asserted on appeal". 310 Mich 299. Defense counsel in this case apparently acquiesced in the addition of the receiving and concealing charge; further, neither misjoinder nor ineffective assistance of counsel was at issue on appeal.

Defendant admitted receiving and concealing stolen property on direct examination by his own attorney. The majority and dissenting opinions in the Court of Appeals agreed that counsel's failure to object to the joinder was designed to induce the jury to believe the defendant's explanation and return a verdict on the lesser offense.

Where defendant has purposely failed to object to joinder as a trial strategy, we cannot say that the improper joinder is so offensive to the maintenance of a sound judicial system that reversal must result. This Court cannot permit a defendant to reap the benefit of a trial tactic and yet be relieved of its burden on appeal.

Even if counsel's failure to object to the misjoinder was not a trial tactic, unexplained failures to object to misjoinder of offenses for trial preclude appellate relief.

## III

We cannot say that the misjoinder of offenses in the case at bar substantially prejudiced the defendant, where counsel deliberately withheld objection to joinder as a trial tactic.

For the above reasons, in lieu of granting leave to appeal, we remand the case to the Court of Appeals to determine whether the corpus delicti of the added receiving and concealing charge was properly placed in evidence by the prosecution. If the Court of Appeals determines that the prosecu-

tion has met its evidentiary burden, the defendant's conviction on the added felony charge shall be reinstated. The trial court is affirmed. The judgment of the Court of Appeals is reversed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.