PEOPLE v THOMPSON (ON REMAND)

Docket No. 55785. Submitted January 23, 1981, at Lansing.—Decided March 17, 1981.

James E. Thompson, III, was charged with armed robbery and possession of a firearm during the commission of a felony. Following certain testimony during trial, including testimony by defendant, the prosecution moved to add a count of receiving or concealing stolen property over the value of $100, which motion was granted by the trial court. No objection was raised by the defendant. Following conviction on all charges, defendant appealed to the Court of Appeals which reversed his conviction for receiving and concealing stolen property on the ground that the additional charge was improperly joined. 94 Mich App 315 (1979). The people sought leave to appeal to the Supreme Court which, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to the Court of Appeals to determine whether the corpus delicti of the additional charge was properly placed in evidence by the prosecution. 410 Mich 66 (1980). *Held:*

The record reveals that the corpus delicti of the additional charge was established by testimony by one of the arresting officers that the automobile in which defendant was captured had been discovered by the police to have been stolen. The prosecution, thus, met its evidentiary burden *aliunde* defendant's in-court admissions. Defendant's conviction is reinstated.

Affirmed.

CRIMINAL LAW — TRIAL — EVIDENCE — CORPUS DELICTI.

The corpus delicti of an added charge of a possessory offense in a criminal proceeding is properly placed in evidence by the prosecution where it is established *aliunde* a defendant's in-court admission by police testimony that he was in possession of the property in question when apprehended.

*Frank J. Kelley,* Attorney General, *Robert A.*

REFERENCE FOR POINTS IN HEADNOTE
[1] 30 Am Jur 2d, Evidence §§ 1140-1142, 1173.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Michael S. Surnow,* for defendant on appeal.

On Remand

Before: Danhof, C.J., and N. J. Kaufman and D. C. Riley, JJ.

Per Curiam. This case reappears by opinion and order of the Michigan Supreme Court of December 23, 1980, reversing our prior judgment at 94 Mich App 315; 288 NW2d 421 (1979), and remanding for determination of whether the corpus delicti of the added receiving and concealing charge was properly placed in evidence by the prosecution. 410 Mich 66; 299 NW2d 343 (1980).

The objection originally brought to this Court by defendant regarding his conviction of receiving or concealing stolen property was the assertion that the conviction was infirm because "the prosecution failed to establish the corpus delicti *aliunde* the appellant's in-court admission". We do not agree.

The evidence at trial showed that the robber fled in an automobile and that the complainant pursued him, enlisting along the way the aid of police officers who eventually stopped defendant and effectuated his arrest. One of the arresting officers testified that the automobile in which defendant was captured had been discovered by the police to have been stolen. In our opinion, a possessory offense, such as receiving or concealing stolen property, could be established by police testimony that the defendant was in possession of the stolen vehicle when apprehended. In addition, the record

reflects that the parties and the trial court agreed to eliminate the element of the offense which requires that the property be identified as being the same property which had been stolen previously. It thus appears that there was sufficient evidence *aliunde* defendant's in-court admissions to establish the corpus delicti of the offense in question.

Since the prosecution has met its evidentiary burden, defendant's conviction on the added felony charge is reinstated. The trial court is affirmed.